# MEMORANDA

# CASES NOT REPORTED IN FULL.

EDWARD A. GALLUP AND OTHERS, SUPERINTENDENTS OF THE POOR OF DELAWARE COUNTY, APPELLANTS, *v.* E. S. BELL AS OVERSEER OF THE POOR OF THE TOWN OF ONEONTA, OTSEGO COUNTY, RESPONDENT.

*Superintendents of the poor — can only furnish temporary relief to paupers at the poor-house — double costs, when allowed.*

APPEAL from a judgment of the County Court of Otsego county, affirming a judgment of a justice's court, in favor of the defendant.

The action was brought by the plaintiffs, as superintendents of the poor of the county of Delaware against the defendant, as overseer of the poor of the town of Oneonta, to recover for the support and maintenance of an alleged pauper, claimed to have been improperly removed from the town of Oneonta, Otsego county, to the town of Davenport, Delaware county, with the intent of making the county of Delaware chargeable with his support.

The court, at General Term, after holding that the plaintiffs had failed to prove that they were superintendents of the poor of Delaware county, proceeded.

"There was another difficulty in the way of a recovery in this action. The plaintiffs failed to show any legal expenditure of money for the support of the alleged pauper, or that he was legally supported as a pauper in the county of Delaware. There was a poor-house in that county where paupers were by law required to be supported. There is no question here, arising from the right of towns to afford, through their officers, temporary relief to paupers. Such relief was not afforded the pauper in this case. Besides, the superintendents of the poor of the county have no power to expend money for the temporary relief of the poor. This right or duty devolves upon towns and their officers. Nor can the superintendents afford support to paupers elsewhere than

at the poor-house, or place provided for that purpose under the direction of the board of supervisors. These questions were discussed at length, and were determined in *The People ex rel. Durfee* v. *The Commissioners of Emigration* (27 Barb., 562). The pauper in this case was not supported at the poor-house in Delaware county, and the plaintiffs had no authority to provide support for him elsewhere.

" It is urged that the statute makes it the duty of the superintendents to give support to the pauper "*where he may be*," and that here the latter was in the town and was *there* supported. The statute is that " the pauper so removed, brought or enticed shall be maintained by the county superintendents of the *county* where he may be," that is at the poor-house in such county, at which place only can these officers afford maintenance to the poor. The plaintiffs failed to establish a right of recovery. The judgment appealed from should be affirmed, with costs ; and, as it seems, the respondent is entitled to double costs, inasmuch as the action was brought against a public officer." (2 R. S., 617, § 24; *Burkle* v. *Luce*, 1 N. Y., 239; *Bartle* v. *Gilman*, 18 id., 260.)

*A. Raymond Gibbs*, for the appellants. *Melville Keyes*, for the respondent.

Opinion by Bockes, J. ; Learned, P. J., and Boardman, J., concurred.

Judgment affirmed, with double costs to respondent.